IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KENDRA JONES, Individually and as
Personal Representative on Behalf of
the Wrongful Death Beneficiaries of
TYRONE JONES, Deceased**                                             **PLAINTIFF**

**v.**                               **CIVIL ACTION NO.: 3:23-CV-00455-GHD-JMV**

**QUITMAN COUNTY, MISSISSIPPI;
SHERIFF OLIVER PARKER, JR.,
Individually and in his Official Capacity;
And JOHN and JANE DOES 1-100**                                     **DEFENDANTS**

## ORDER *SUA SPONTE* STRIKING SECOND AMENDED COMPLAINT

This matter is before the court, *sua sponte*, to strike Plaintiff's second amended complaint [Doc. No. 89] filed on July 11, 2024. For the reasons explained hereafter, Plaintiff's second amended complaint is stricken. Defendants are given five (5) business days from the date of this order in which to file their answer or other responsive pleading to Plaintiff's first amended complaint [Doc. No. 86].

In the instant matter, Plaintiff originally filed her complaint in state court on September 20, 2023. This case was removed to federal court on November 29, 2023, and Defendants Quitman County, Mississippi, and Sheriff Oliver Parker, Jr., filed their answer [Doc. No. 8] on December 22, 2023. On April 24, 2024, Sheriff Parker filed a motion for summary judgment [Doc. No. 49]. Subsequently, Plaintiff moved to amend [Doc. No. 59] on May 16, 2024.

The Court's Order Granting Motion to Amend [Doc. 84] and Order Granting in Part and Denying In Part Motion to Modify Scheduling Order And/Or In the Alternative Extend Deadlines [Doc. 85] extended the deadline for amendments to the pleadings to July 2, 2024, and permitted Plaintiff to file the previously proposed amended complaint [Doc. 59-1] by July 2nd.

After the deadline for amendments to the pleadings passed, Plaintiff filed her second amended complaint [Doc. No. 89] on July 11, 2024.

"[A] party's right to make an otherwise timely amendment 'as a matter of course' may be limited by a Rule 16 scheduling order."  3 Moore's Federal Practice - Civil § 15.10[2]. After the time set in a scheduling order for amending pleadings, a party may amend only with permission of the court granted after a showing of good cause. *Id.* (citing Fed. R. Civ. Pro. 16(b)(4)). "The 'good cause' standard of Rule 16 applies to amendments of pleadings after the date set in the scheduling order, even if a party might have a right to amend as a matter of course at that time." *Id.* (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243–244 (2d Cir. 2007) ("amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)")).

Rule 16 "governs amendments to pleadings after a scheduling order has been entered by the district court and provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 292 (5th Cir. 2024) (quoting *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)). "Rule 15(a) is inapplicable . . . outside the case management order's deadline for amendments[.]" *Hartford Fire Ins. Co. v. Gray Corp.*, No. 3:05-CV-246-B-A, 2008 U.S. Dist. LEXIS 143067, at *3 (N.D. Miss. Mar. 4, 2008) (citing *S&W Enters. v. South-Trust Bank*, 315 F.3d 533, 535 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.")).

The Fifth Circuit has examined the interaction of Rule 15 and Rule 16 and determined that "'the presence of a scheduling order renders the Rule 15 inquiry secondary.'" *Shaw*, 93 F.4th

at 292 (quoting *S&W Enters.*, 315 F.3d at 536 n.4). Ordinarily, Rule 15(a) would permit a party to amend its pleading once as a matter of course no later than the earlier of 21 days after serving it or 21 days of service of a motion under Rule 12(b). Fed. R. Civ. Pro. 15(a)(1)(B). However, "when 'a party seeks to amend pleadings in a fashion that would alter a deadline imposed by a scheduling order, Rule 15 is superseded by Rule 16.'" *Shaw*, 93 F. 4th at 292 (quoting *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 2811, 213 L. Ed. 2d 1038 (2022), *reh'g denied*, 143 S. Ct. 60, 213 L. Ed. 2d 1145 (2022)).

Moreover, "[w]hen Rule 15(a)(1) gives a party one opportunity to amend 'as a matter of course,' the rule is providing a single opportunity to amend without seeking either leave of court or the opposing party's consent." 3 Moore's Federal Practice - Civil § 15.10[1]. "[A] plaintiff must obtain leave of court or consent of opposing parties to amend a once-amended complaint even if the first amendment was at the court's direction." 3 Moore's Federal Practice - Civil § 15.10[3] (citing *Elliott v. Foufas*, 867 F.2d 877, 882–883 (5th Cir. 1989) ("A party may amend his pleadings once as a matter of course … . In Elliott's case, however, she has already amended her complaint once. Although that amendment was not voluntary, it was an amendment within the terms of Rule 15(a) … . Any further amendment, therefore, could only be by leave of the court.")).

Here, it is indisputable that the scheduling order deadline for amendments/joinder of parties had passed when Plaintiff filed her second amended complaint. In addition, the plaintiff has already once sought and been granted leave to amend her original complaint. Accordingly, leave to amend must be sought. Plaintiff has failed to do so, and instead filed this second amended complaint, without any corresponding motion or directive of the court to do so. In a review of the second amended complaint against the first amended complaint, the court notes

that there have been substantive changes made by Plaintiff. Without commenting on the merits of these changes, the court finds that leave must be sought under the good cause standard of Rule 16 before an additional amended complaint, beyond the first previously granted leave by the court, may be filed on the docket.

THEREFORE, IT IS ORDERED that the second amended complaint [Doc. No. 89] is hereby STRICKEN. Defendants' answer or otherwise responsive pleading to the first amended complaint is due within five (5) business days of this order.

**SO ORDERED,** this the 19th day of July, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**